*936 OPINION.
Tiros sell :
Petitioner claims that the waiver dated February 13, 1925, was executed under duress, in that her attorney was misled by the carbon copy of a letter addressed to her, but the original of which was not received by her. The carbon dated February 9, 1925, received by petitioner’s attorney was not a copy of the original letter dated February 9, 1925, received by petitioner from respondent, but both contained practically the same information and request for a waiver for the fiscal year ended January 31, 1919. The variance between the said original ‘letter and said carbon, is not of such a character as to produce a mental attitude of acting under compulsion or duress. Petitioner executed the waiver dated February 13, 1925, because she “ thought it was the right thing to do ” and we can see no evidence of compulsion or duress influencing her action. Cf. Maple Coal Co., 10 B. T. A. 1336.
Counsel for petitioner has argued in his brief that the so-called waiver dated February 13, 1925, is ineffective as a consent or an agreement for the reason that it is not supported by a consideration. We can not accept this view. Under this and similar waivers taxpayers consent to an extension of time within which assessments and collections of taxes may be made and the respondent, acting under the statute, postpones the time when he might make such assessments and enforce collections, thus covering the amount of the collection into the Treasury. The consideration which petitioner received is just the consideration which the statute authorized and which she desired.
Counsel for petitioner has also argued that section 250 (d) of the Revenue Act of 1918 provides for a period of limitation of five years from the date the return was filed or was due, that there is no provi sion in the 1918 Act for the extension of that period and that, accordingly, the waiver was executed without authority and is of no effect. However, section 250 (d) of the Revenue Act of 1921 provides that the 5-year period of limitation for the assessment and collection of taxes for years prior to 1921 may be extended if both the Commissioner and the taxpayer consent thereto in writing.
Petitioner’s return was duly filed on March 15,1919, and the 5-year period expired on March 15, 1924. Prior to the latter date a waiver was duly executed extending the period for one year after the expiration of the statutory period of limitation. A second waiver was duly executed on February 13, 1925, extending the period of limitation for assessment by the Commissioner until December 31, 1925. On December 11, 1925, 14 days prior to the expiration of the second waiver, the respondent mailed the 60-day deficiency letter to peti *937 tioner. The filing of an appeal to this Board further extended the period within which the Commissioner may assess the taxes in controversy, from the date of the mailing of the deficiency notice until the date the Board’s decision becomes final and for 60 days thereafter. See section 504 of the Revenue Act of 1928.
The assessment of the deficiency in taxes for the fiscal year ended January 81, 1919, is not barred by the statute of limitations.
Judgment will be entered for the respondent.